RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/15/13
        JDK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ANDREW REED | DOCKET NO. 12-CV-2651; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. $2241 by Robert Andrew Reed. Petitioner is an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana. He claims that his detention is unlawful because he is a D.C. inmate, and the United States Bureau of Prisons (BOP) has no jurisdiction over him.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner was tried and convicted of one or more felonies by a jury in the Superior Court of the District of Columbia. Following sentencing, he was transferred to BOP custody and incarcerated at a United States Penitentiary. Specifically, Petitioner alleges that he was kidnaped from the D.C. Jail by U.S. Marshals and taken to U.S.P. Big Sandy and then U.S.P. Pollock. Petitioner claims that he is not subject to any BOP rules or regulations, and that he is a sovereign entity as opposed to a United States citizen.

### *Law and Analysis*

By virtue of Section 11201 of Chapter 1 of Subtitle C of Title XI of the National Capital Revitalization and Self-Government Improvement Act of 1997 (or District of Columbia Revitalization Act of 1997), enacted August 5, 1997, Pub. L. 105-33, Sec. 11201, **the BOP administers the imprisonment terms of felony offenders convicted under the D.C. criminal code**. Congress transferred this responsibility for the incarceration of D.C. Code felony offenders, such as Petitioner, from the D.C. Department of Corrections to the Federal Bureau of Prisons. The BOP has broad authority to provide for the "custody, care, subsistence, education, treatment and training" of D.C. Code felony offenders in its custody "consistent with the sentence[s] imposed." D.C. Code § 24-1201(a),(b). In fact, the United States Parole Commission even has sole authority over all parole release decisions regarding felony offenders convicted in Superior Court of violating the D.C. Code. See D.C.Code §24-131(a)(2). Petitioner's claim that the Bureau of Prisons lacks "jurisdiction" over him because he is a D.C. inmate is without merit.

Likewise, Petitioner's claim that he is not a United States citizen is meritless. Petitioner has not shown that he has effectively renounced his citizenship in accordance with 8 U.S.C.

§1481.¹ See e.g., Bradford v. LeBlanc, 2012 WL 5364255 (M.D.La. 9/19/12); Hood v. United States, 2011 WL 6440511 (M.D.Ala, Dec. 2, 2011); Duncan v. United States Department of State, 2008 WL 4821323 (W.D.Va., Oct. 30, 2008); Davis v. United States, 2008 WL 1819928 (W.D.La., March 28, 2008).

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** because Petitioner has not shown that he is in custody in violation of the Constitution or laws of the United States of America.

---

¹ A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality-

(1) obtaining naturalization in a foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or
(2) taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or
(3) entering, or serving in, the armed forces of a foreign state if (A) such armed forces are engaged in hostilities against the United States, or (B) such persons serve as a commissioned or non-commissioned officer; or
(4)(A) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state; or
(B) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or
(5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
(6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense; or
(7) committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of section 2383 of Title 18, or willfully performing any act in violation of section 2385 of Title 18, or violating section 2384 of Title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15 day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE